IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

AMY M. HAGAN,

    Plaintiff,

VS.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

1 : 10-CV-21 (WLS)

## RECOMMENDATION

The Plaintiff herein filed this Social Security appeal on January 22, 2010, challenging the Commissioner's final decision denying her application for disability benefits, finding her not disabled within the meaning of the Social Security Act and Regulations (Doc. 1). Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *Hoffman v. Astrue*, 259 Fed. Appx. 213, 216 (11th Cir. 2007). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).

In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

*Administrative Proceedings*

The Plaintiff filed an application for disability insurance benefits on March 27, 2006. (Tr. 25). Her claims were denied initially and upon reconsideration. (Tr. 77-80, 82-85). A hearing was held before an Administrative Law Judge ("ALJ") in Savannah, Georgia on November 8, 2007. (Tr. 38). Thereafter, in a hearing decision dated January 22, 2008, the ALJ determined that the Plaintiff was not disabled. (Tr. 25-34). The Appeals Council subsequently denied review and the ALJ's decision thereby became the final decision of the Commissioner. (Tr. 1-3, 5-7).

*Statement of Facts and Evidence*

The Plaintiff was twenty-eight (28) years of age at the time of the hearing before the ALJ, and alleged disability since January 21, 2005, primarily due to a work injury and leg pain limiting her ability to walk up and down the halls. (Tr. 42, 43). Plaintiff has a GED and training as a general office assistant and medical assistant. (Tr. 42). She has past relevant work experience as a medical technician, doing patient exams, assisting the doctor, and scheduling appointments. (Tr. 44).

As determined by the ALJ, Plaintiff suffers from the following severe impairments: "reflex sympathetic dystropy (RSD)/complex regional pain syndrome type I, irritable bowel syndrome,

bipolar disorder, borderline personality disorder, and somatoform pain disorder." (Tr. 27). The ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment, and she remained capable of performing limited sedentary work activity. (Tr. 29). The ALJ found that Plaintiff could perform sedentary work as follows:

> [S]he can occasionally crawl, but can never balance or climb ladders. She should avoid concentrated exposure to vibration, and should totally avoid unprotected heights and moving machinery. She would have some difficulty with detailed and complex instructions. She would experience some difficulty with working in close coordination with others, but otherwise her ability to interact is intact. There would be difficulty in adapting to rapid or complex changes, but for other changes her adaptability is satisfactory.
>
> (T-29)

Although Plaintiff could not return to her past relevant work, the ALJ considered the Plaintiff's age, education, work experience, and residual functional capacity, and applied the Medical-Vocational Guidelines to determine that the Plaintiff remained capable of performing other jobs that existed in significant numbers in the national economy, and thus, was not disabled. (T-33).

## DISCUSSION

Plaintiff argues that the ALJ failed to properly consider all of the evidence in the record to determine Plaintiff's residual functional capacity ("RFC") and that the ALJ erroneously discounted Plaintiff's subjective statements about her pain (Doc. 10).

*Evaluation of RFC assessment*

Plaintiff argues that the RFC was not supported by substantial evidence because the ALJ "ignored more than 75% of the evidence in the record" (*Id.*). Plaintiff asserts that the ALJ ignored Plaintiff's treating physician's reports, and focused on agency consultative examiners, non-examining sources, and a worker's compensation examination.

The determination of the RFC is an administrative assessment based on all the evidence of how Plaintiff's impairments and related symptoms affect her ability to perform work-related activities. 20 C.F.R. § 404.1545(a); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The regulations state that the final responsibility for assessing a claimant's RFC rests with the ALJ, based on all the evidence in the record. *See* 20 C.F.R. §§ 404.1527(e)(2), 404.1545(a)(3), 404.1546(c), 416.927(e)(2), 416.945(a)(3), 416.946(c). Relevant evidence includes medical reports from treating and examining sources, medical assessments, and descriptions and observations of a claimant's limitations by the claimant, family, neighbors, friends, or other persons. *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).

When deciding the evidence, "[t]he testimony of the treating physician must ordinarily be given substantial or considerable weight unless good cause is shown to the contrary." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986). The Commissioner's regulations also state that more weight should be given to opinions from treating sources because they can provide a detailed look at the claimant's impairments. 20 C.F.R. § 404.1527(d)(2). "The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." *Lewis*, 125 F.3d at 1440. "Good cause" as to why the Commissioner did not rely on the treating source's opinion can exist when the physician's opinion was not supported by the record evidence, the evidence supported a contradictory finding, or the physician's opinion was conclusory or inconsistent with the physician's own medical records. *Id.*

In the ALJ's decision, the ALJ states that he relied on the medical evidence in the record. The ALJ specifically relied on Doctors Nusbickel, Yared, and Frady's records to determine Plaintiff's impairments, and relied on Earl Folsom, a consulting physical therapist, and Doctors Bari and Koontz to determine Plaintiff's RFC. (Tr. 27, 29).

*Physical Limitations*

Plaintiff contends that the ALJ used only the opinions of a consulting physical therapist, an agency consultant, and worker's compensation examinations to determine Plaintiff's physical limitations. Plaintiff alleges that the ALJ ignored the findings of Plaintiff's treating physicians and ignored the limitations imposed on Plaintiff by the sources the ALJ relied upon (Doc. 10). Plaintiff states that the ALJ "improperly found that [Plaintiff] could perform sedentary work without finding how much she can lift and carry, or how long she can sit, walk or stand" (*Id.*). Further, Plaintiff argues that the ALJ only took into account the evidence that showed Plaintiff was "unremarkable" and ignored the findings that Plaintiff had deficiencies.

The Commissioner argues that the ALJ relied on the record as a whole in making his determination as to Plaintiff's physical limitations (Doc. 11). The Commissioner further contends that the ALJ's decision was not deficient and that requiring the ALJ to identify Plaintiff's ability to lift and carry, sit, walk, and stand was not necessary because the ALJ's decision implies Plaintiff is able to perform the full range of sedentary work in those areas (Doc. 11).

In determining the RFC, the ALJ should consider the residual functional capacity assessments and examinations regarding what Plaintiff is capable of doing. 20 C.F.R. § 404.1513(c). Evidence about what Plaintiff can still do should describe Plaintiff's ability to do physical work-related activities such as "sitting, standing, walking, lifting, carrying, handling objects, hearing, speaking, and traveling" despite the impairments. *Id.*

The ALJ found the Functional Capacity Evaluation completed by Earl Folsom to be persuasive because Mr. Folsom was able to observe Plaintiff's actual physical abilities. (Tr. 29). Mr. Folsom concluded that Plaintiff was currently capable of sedentary work, with the hopes of progressing to light work. (Tr. 776). Plaintiff argues that the ALJ committed reversible error by

5

failing to discuss the medical evidence of Dr. Bryant, Plaintiff's treating physician. However, Dr. Bryant's medical records show that Plaintiff's objective medical tests yielded normal results. (Tr. 334 –338). Moreover, Plaintiff was referred to Mr. Folsom by Dr. Bryant, and the record shows that Dr. Bryant confirmed Dr. Folsom's findings and did not provide any additional limitations. (Tr. 774, 800).

The ALJ also relied upon Dr. Abdul Bari, finding his assessments persuasive because Dr. Bari made his determination based on an examination of Plaintiff and the medical evidence. (Tr. 29). Dr. Bari found that Plaintiff can "lift between 5-10 lbs, can walk slowly between 50-100 yard[s] and cannot stand for prolonged period[s] of time." (Tr. 596). Dr. Bari also concluded that Plaintiff suffered from bipolar depression, reflex sympathetic dystrophy, and irritable bowel syndrome, but that her physical examination was "unremarkable". (Tr. 595-596). Further, Dr. Render and Dr. Lesesne, non-examining state agency physicians, completed functional capacity assessments and determined that Plaintiff was capable of performing a significant range of light work. (Tr. 603-610, 682-689). The assessments completed by Mr. Folsom, Dr. Bari, Dr. Render, and Dr. Lesesne all support the decision that Plaintiff is capable of performing sedentary work.

Plaintiff also argues that the ALJ failed to discuss medical evidence from additional doctors who had treated Plaintiff for her pain management. The medical evidence must provide information that allows the Commissioner to determine Plaintiff's "residual functional capacity to do work-related physical and mental activities." 20 C.F.R. § 404.1513. The additional medical records do not state what Plaintiff can do despite her limitations and, therefore, do not aid in determining her RFC. *See id.* Additionally, "[i]t is not reversible error for an ALJ to fail to discuss a doctor's opinion if the doctor's opinion is not contrary to the findings of the other doctors cited by the ALJ or the doctor's opinion would not change the ALJ's assessment of the plaintiff's residual functional

6

capacity." *James v. Astrue*, 2009 WL 2496507 (S.D. Ga. Aug. 14, 2009); *see Caldwell v. Barnhart*, 261 Fed. Appx. 188, 190 (11th Cir. 2008). Thus, the ALJ used the available objective medical evidence to determine Plaintiff's RFC, and did not commit reversible error.

*Mental Limitations*

In determining the severity of Plaintiff's mental impairments, the ALJ should rely on medical evidence that indicates what the Plaintiff is capable of doing in the work place despite the impairments. The medical evidence should show Plaintiff's ability to "understand, to carry out, and remember instructions, and to respond appropriately to supervision, coworkers, and work pressures" despite the impairments. 20 C.F.R. § 404.1513(c).

Plaintiff argues that the ALJ committed reversible error by not relying on Plaintiff's treating physicians regarding her mental impairments. The ALJ relied upon the mental residual functional capacity assessment of Dr. Koontz, an expert employed by the State Disability Determination Services, to determine Plaintiff's ability to perform in the workplace despite her mental limitations. (Tr. 29). The ALJ found that Dr. Koontz's assessment was based on a thorough review of the evidence and consistent with the evidence of record. (*Id.*). State agency consultants are considered experts and their opinions may be entitled to great weight if their opinions are supported by the evidence in the record. *See* SSR 96-6p; 20 C.F.R. § 404.1527(f). Thus, the Commissioner contends that the ALJ appropriately relied on the mental residual functional capacity assessment done by Dr. Koontz.

Along with Dr. Koontz's assessment, the record contains a mental residual capacity assessment by Dr. Carter and a functional assessment by Dr. Vandewalle. The mental residual capacity assessment completed by Dr. Carter provided similar limitations to Dr. Koontz's assessment. Both doctors found Plaintiff to be "not significantly limited" or "moderately limited" in

7

all categories of the mental residual functional capacity assessment. (Tr. 639-641, 690-693). Dr. Vandewalle's functional assessment was also not substantially different from Dr. Koontz's assessment. Both doctors marked her degree of limitation as "moderate" for her restriction of activities of daily living, difficulties in maintaining social functioning, and difficulties in maintaining concentration, persistence, or pace. (Tr. 704, 765). Dr. Vandewalle did assess that Plaintiff had little to no functional use of mental work related activities; however, this evidence is contradictory to Dr. Vandewalle's treatment notes and the medical assessments of Dr. Koontz and Dr. Carter (Tr. 768-769, 639-641, 690-707).

As there is substantial evidence showing that Plaintiff's mental functional capacity does not create a disability, the ALJ did not commit reversible error by failing to identify Dr. Vandewalle in his decision. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (finding the ALJ does not have to refer to every piece of evidence in the record in his decision); *James*, 2009 WL 2496507.

*Evaluation of subjective complaints of pain*

Plaintiff argues that the ALJ failed to properly consider her subjective complaints of disabling pain. The Commissioner argues that Plaintiff's testimony was less than credible because the record, as a whole, indicated that Plaintiff was capable of performing limited sedentary work and Plaintiff failed to provide evidence to show otherwise. If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992).

An individual's statement concerning pain is not alone conclusive evidence of a disability. 20

C.F.R. § 404.1529(a). Rather, the intensity and persistence of the pain must be considered, using Plaintiff's testimony, including activities of daily living, and objective medical records as evidence. 20 C.F.R. § 404.1529(c). The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [Plaintiff's] statements and the rest of the evidence." 20 C.F.R. § 404.1529(c)(4). If Plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then Plaintiff will be deemed disabled. If the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true. *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

Herein, after discussing in detail the Plaintiff's testimony and subjective complaints, the ALJ determined that:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but the totality of the relevant evidence fails to prove her impairments cause disabling functional limitations.
>
> . . .
>
> Furthermore, the claimant testified at the hearing that her symptoms are 'pretty well controlled with medications.'
>
> Although the claimant has described daily activities which are fairly limited, two factors weigh against considering these allegations to be strong evidence in favor of finding the claimant disabled. First, allegedly limited daily activities cannot be objectively verified with any reasonable degree of certainty. Secondly, even if the claimant's daily activities are truly as limited as alleged, it is difficult to attribute that degree of limitation to the claimant's medical condition[.]
>
> (Tr. 31–32).

The ALJ details the symptoms Plaintiff testified to having and the symptoms reflected in the

9

record. Further, the ALJ references Plaintiff's pain, her abilities to perform day to day tasks, her social life, and her prescribed medications. (Tr. 31). In his decision, the ALJ recognizes that Plaintiff has described fairly limited daily activities, but also recognizes that there is a lack of evidence to corroborate Plaintiff's testimony of the severity of her impairments. (*Id.*).

Although Plaintiff asserts that the ALJ failed to properly consider all of the medical evidence of record, and argues that Plaintiff's condition can cause consistent complaints of pain despite normal findings, the ALJ's decision reveals that he properly considered the medical evidence in his determination of Plaintiff's RFC. The ALJ noted Plaintiff's physical and mental impairments, but found that these conditions did not prevent the Plaintiff from performing sedentary work activity with specific limitations. (Tr. 33). The ALJ properly reviewed and relied upon the objective medical evidence and Plaintiff's testimony to find that Plaintiff is not disabled. The medical evidence showed "unremarkable" and "normal" findings throughout Plaintiff's history of medical treatment, a lack of complaint from the Plaintiff regarding significant side effects of medication, and a lack of credible testimony as to the cause and severity of Plaintiff's complaints. (*See* Tr. 334-338, 596, 639-641, 704, 774-776).

It is not the role of the Court to reweigh the evidence of record, but only to determine whether the ALJ's decision is supported by substantial evidence. *Crawford v. Comm'r. of Social Security*, 363 F.3d 1155, 1159 (11th Cir. 2004); *Barnes v. Sullivan*, 932 F.2d 1356,1358 (11th Cir. 1991). Thus, the ALJ adequately considered the Plaintiff's subjective accounts of pain and physical limitation, and did so pursuant to the governing rulings and regulations, specifically Social Security Ruling 96-7p. The ALJ also provided adequate and specific reasons for discrediting Plaintiff's subjective accounts, relying on the objective medical evidence that conflicted with Plaintiff's allegations of a disabling impairment.

*Irritable Bowel Syndrome*

The Plaintiff also argues that the ALJ failed to properly consider the effect of her irritable bowel syndrome as contributing to her disability. The Plaintiff has failed to point to any specific limitations created by her irritable bowel syndrome as impacting her ability to perform substantial gainful activity or causing a severe impairment. As the Commissioner points out, the Plaintiff has failed to show that her irritable bowel syndrome prevented her from performing sedentary work with stated limitations, which is the Plaintiff's RFC as determined by the ALJ. Thus, Plaintiff cannot maintain that the ALJ erred in failing to consider this syndrome in assessing her RFC.

*Conclusion*

As the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 11th day of March, 2011.

s/ **THOMAS Q. LANGSTAFF**

**UNITED STATES MAGISTRATE JUDGE**

llf