# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

AMY M. HOGAN, :
:
    Plaintiff, :
:
v. : CASE NO.: 1:10-CV-21 (WLS)
:
MICHAEL J. ASTRUE, *Commissioner of* :
*Social Security*, :
:
    Defendant. :
_____ :

## ORDER

Before the Court is a Report and Recommendation from United States Magistrate Judge Thomas Q. Langstaff, filed March 11, 2011. (Doc. 13). It is recommended that the Social Security Commissioner's final decision be affirmed.[1] (*Id.* at 8). Plaintiff timely filed an Objection, which challenges the Recommendation for its alleged engagement in improper fact finding, reliance on *post-hoc* rationalizations, and lack of recognition of the Administrative Law Judge's (ALJ) failure to evaluate most of the evidence in the record. (Doc. 14 at 1). On these grounds, Plaintiff requests reversal and remand. (*Id.* at 7-8).

## DISCUSSION

### I. Standard of Review for Social Security Appeals

"[T]he federal courts' 'review of the [ALJ's] decision is limited to an inquiry into whether there is substantial evidence to support [its] findings . . . and whether the correct legal standards were applied.'" Powell v. Astrue, 250 Fed. App'x 960, 962 (11th Cir. 2007) (quoting Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002)). This is a "highly deferential

---

[1] Pursuant to the Appeals Council's denial of Plaintiff's request for review, the Administrative Law Judge's January 22, 2008 decision, which determined that Plaintiff was not disabled, became the final decision of the Commissioner of the Social Security Administration. (Doc. 13 at 2 (citing Tr. 1-3, 5-7, 25-34)).

1

standard of review." Id. at 963. The Court is forbidden from reweighing the evidence or substituting its judgment for that of the ALJ. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). "Even if the evidence preponderates against the Commissioner's findings, [the court] must affirm if the decision reached is supported by substantial evidence." Crawford v. Comm'r, 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id.

"[T]he ALJ's failure [to specifically address evidence] only constitutes reversible error if it created an evidentiary gap that caused unfairness or clear prejudice." Caldwell v. Barnhart, 261 Fed. App'x 188, 190 (11th Cir. 2008) (citing Brown v. Shalala, 44 F.3d 931, 935 (11th Cir. 1995)); *see also* Dyer, 395 F.3d 1206, 1211 (11th Cir. 2005) (quoting Foote v. Chater, 67 F.3d 1553, 1561 (11th Cir. 1995)) "[T]he ALJ's decision [simply] . . . [can]not [be] a broad rejection[,] which is 'not enough to enable this Court to conclude that the ALJ considered [the claimant's] medical conditions as a whole.'"). Having established the applicable standard of review of Plaintiff's social security appeal, the Court turns to its discussion of each of Plaintiff's objections on which she bases her request for the Court's reversal of the Commissioner's decision and remand to the Commissioner.

## II. **Plaintiff's Objections**

### a. **Objection 1: ALJ's RFC assessment is not supported by substantial evidence**

#### i. *The ALJ's decision is not based on an evaluation of all the relevant evidence, namely the opinions of Plaintiff's treating physician, Dr. Bryant.*

Plaintiff first contends that Judge Langstaff's assessment of Plaintiff's residual functional capacity (RFC) fails to acknowledge the absence from the ALJ's decision of the opinions of Plaintiff's long-term treating physician Dr. Bryant; treating sources at Archbold Northside

2

Center for Behavioral and Psychiatric Care; Dr. Vandewalle, a psychiatrist from Georgia Pines; Dr. Persaud, a pain-management specialist who evaluated Plaintiff in 2006 regarding Plaintiff's Workers' Compensation claim; and Drs. Milton, Campagna, Pridgen, and Moore. (Doc. 14 at 1-2). As a result of the ALJ's failure to discuss these medical opinions, Plaintiff contends that the ALJ failed to evaluate Plaintiff's medical condition as a whole and provide a reasoned discussion in support of his findings. (*Id.* at 2, 4).

Plaintiff places particular emphasis on the Recommendation's disregard of the ALJ's failure to give considerable weight to the opinion of Plaintiff's treating physician Dr. Bryant, although the ALJ was required to do so or to otherwise articulate his reason for not doing so. That is, the ALJ was, according to Plaintiff, required to provide "good cause" for not relying on Dr. Bryant's opinions. (*Id.* at 2). And Plaintiff contends that Judge Langstaff cannot justify the ALJ's failure to provide good cause by arguing that the opinions do not aid in determining Plaintiff's RFC. (*Id.* at 3). Plaintiff therefore submits that the Court must reverse the ALJ's decision. (*Id.* at 2-3 ("[W]hen the ALJ fails to 'state with at least some measure of clarity the grounds for his decision,' we will decline to affirm 'simply because some rationale might have supported the ALJ's conclusion.'" (quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1175, 1179 (11th Cir. 2011)).

The Court agrees with Plaintiff that the Magistrate Judge overlooked the ALJ's failure to consider the so-called medical opinions of Dr. Bryant, Plaintiff's treating neurologist,[2] and to provide good cause for this omission. The Eleventh Circuit has held that:

> [t]he ALJ must give the opinion of a treating physician substantial or considerable weight unless 'good cause' is shown to the contrary. The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician,

---

[2] Multiple reports submitted by Dr. Bryant, which addressed his treatment of Plaintiff and his notes, opinions, and conclusions on Plaintiff's medical symptoms and conditions, were included in the record. (*See* Docs. 8-8, 8-9, 8-10, 8-11).

3

and the failure to do so is reversible error. Where the ALJ articulated specific reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence, there is no reversible error.

Goff v. Comm'r, 253 F. App'x 918, 921 (11th Cir. 2007) (internal quotation marks and citations omitted).

In view of these standards, the Court recognizes that the ALJ's decision does not document Dr. Bryant's medical reports or opinions; in fact, the ALJ does not even mention Dr. Bryant's name. The ALJ, however, was not authorized to ignore Dr. Bryant's opinions—at least not without explaining his reason for doing so—simply because, as Judge Langstaff reasons (*see* Doc. 13 at 6 (citing Tr. 334-338, 774, 800)), Dr. Bryant's medical reports yielded normal results or because Mr. Folsom, Plaintiff's examining physical therapist, referred Plaintiff to Dr. Bryant, who later confirmed Mr. Folsom's findings.

Notwithstanding the ALJ's failure to discuss Dr. Bryant and provide "good cause" for not considerably weighing Dr. Bryant's opinions, the Court holds for several reasons that such error is not reversible and that it does not require remand to the Commissioner. First, the Court's review of the record reveals that many of Dr. Bryant's notes to which Plaintiff refers, (1) are actually those of other examining physicians such as Drs. Eugenio, Campagna, or Yared, and not of Dr. Dryant, or (2) do not represent "medical opinions" within the meaning of Social Security Administration (SSA) regulations. *See* 20 C.F.R. § 404.1527(e)(1)-(2). For example, Dr. Bryant's March 2006 notation that Plaintiff would not be able to return to work for the next two years is an opinion on a dispositive issue that is reserved for the Commissioner. *See* id. (explaining that final responsibility for deciding claimant's disability status, claimant's RFC, application of vocational factors, and other dispositive administrative findings, is reserved to Commissioner). Additionally, Dr. Bryant's notes which document Plaintiff's experience of pain

4

and tingling in her extremities and vomiting and nausea are not Dr. Bryant's own medical observations or opinions but are symptoms that Plaintiff relayed to Dr. Bryant or that were attributed to diagnoses reached by other doctors.

The ALJ's failure to acknowledge Dr. Bryant's opinion that Plaintiff had "the worst case of [reflex sympathetic dystrophy (RSD)] he had ever seen" is also not reversible error because this so-called opinion of Dr. Bryant does not specifically denote or demonstrate, through well-supported diagnostic techniques, the degree and nature of Plaintiff's functional or psychological limitations or abnormalities, as required by § 404.1527(a)(1)-(2). 20 C.F.R. § 404.1527(a)(1)-(2) ("[M]edical opinions are statements from physicians and psychologists . . . that reflect judgments about the nature and severity of your impairment(s), [which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques,] . . . , what you can still do despite impairment(s), and your physical or mental restrictions."). Rather, this is a general statement that does no more than indicate a comparison between Plaintiff's RSD and other cases of RSD observed by Dr. Bryant, with no representation as to the specifics of Plaintiff's condition. This as well as the opinions noted in the preceding paragraph—which are the only opinions of Dr. Bryant noted in Plaintiff's Brief in Support of her Social Security Appeal (Doc. 10 at 16-17)—are therefore neither medical opinions entitled to controlling weight, nor do they require the ALJ to provide good cause as to their exclusion from his decision as to Plaintiff's disability.

Second, even if the ALJ erroneously failed to consider the opinion of treating physician Dr. Bryant without demonstrating good cause, reversal and remand to the Commissioner are not justified in light of the ALJ's discussion of the medical opinion of Dr. Nusbickel, whom Plaintiff also labels as a treating physician in her Social Security appeal brief. (*See* Doc. 10 at 19). Specifically, the ALJ considered Dr. Nusbickel's medical records which noted a past diagnosis

5

of RSD. (Tr. 27). In doing so, the ALJ acknowledged that Plaintiff suffered from a "severe impairment[ ]."

Nonetheless, the ALJ determined that Dr. Nusbickel's records of this impairment, in view of other medical evidence detailed below, did not support a finding of disability. (Tr. 27, 30, 32 ("[T]he claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but the totality of the relevant evidence fails to prove her impairments cause disabling functional limitations.")). In this light, the ALJ did not *completely* fail to provide good cause as to the exclusion of treating physicians' so-called opinions from his findings; rather, the ALJ discussed the opinion and medical records of treating physician Dr. Nusbickel and provided good cause with respect to his decision to not give Dr. Nusbickel's medical records and opinions considerable weight.

Third, Plaintiff has failed to establish that the facts of this case mandate remand under Eleventh Circuit law. In Goff, the Eleventh Circuit held that remand is only required when the claimant has established "(1) new, noncumulative evidence; (2) . . . [that] is [so] . . . relevant and probative . . . that there is a reasonable possibility that it would change the administrative result, and (3) [that] there is good cause for the failure to submit the evidence at the administrative level." Goff, 253 F. App'x at 922 (quoting Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir.1986)). Here, Plaintiff has not provided any new evidence that differs from the evidence submitted during the administrative process. Even if she had, however, Plaintiff also fails to show a reasonable possibility that such evidence would change the administrative result, particularly in light of other evidence in the record in support of Plaintiff's capability to rehabilitate, both mentally and physically.

For example, Plaintiff's ability to do laundry, prepare simple meals, wash dishes, and take care of her own personal needs at her own pace led the ALJ to conclude that Plaintiff's impairments did not cause disabling functional limitations. Additionally, Mr. Folsom's determination that Plaintiff qualified for sedentary work and optimistically, would be able to progress to light duty work; Drs. Koontz's, Bari's, Nusbickel's, Yared's, and Frady's examinations and opinions as to Plaintiff's mental and physical capacities; Plaintiff's low pain rating on several medical forms; as well as Plaintiff's hearing testimony that her symptoms were "pretty well controlled with medications," all substantially support the ALJ's finding that Plaintiff was not disabled. (Tr. 29, 31, 32 (citations omitted)). In light of the substantial weight of this evidence in support of the ALJ's finding of no disability, the opinion of Dr. Bryant, in view of the Court's finding, *see supra*, cannot be held to provide a reasonable possibility of a new outcome under Goff. Thus, remand is not required.

### ii. *The ALJ erred in assessing Plaintiff's physical limitations*.

The ALJ, argues Plaintiff, also erred by relying upon a response to a hypothetical question that failed to include all of the limitations (i.e., Plaintiff's need for frequent rest breaks, inability to sit for more than thirty minutes and to stand for more than fifteen minutes, and capacity to lift no more than five pounds) imposed by the therapist to whom the ALJ otherwise gave great weight. (Doc. 14 at 5). Plaintiff further contends that the Magistrate Judge's claim that Plaintiff failed to point to any specific limitations created by her irritable bowel syndrome (IBS) is contrary to the treatment notes which document complaints of nausea and vomiting attributable to her IBS. (*Id.*). She further argues that because the ALJ found that Plaintiff's IBS was a severe impairment, it must, by definition, significantly limit her ability to perform work-related functions. (*Id.*).

The Court holds that Plaintiff's arguments are of no force, given, as the Recommendation notes (Doc. 13 at 4, 6 (citing Tr. 27, 29, 596, 776)), that the ALJ appropriately relied on the Functional Capacity Evaluation completed by Mr. Folsom; on Drs. Bari and Koontz to determine Plaintiff's RFC; and the records of Drs. Nusbickel, Yared, and Frady to determine Plaintiff's impairments. (Tr. 28-29). These opinions, which reveal normal or "unremarkable" results, as well as those of Dr. McKenzie-Brown, who indicated that Plaintiff was capable of a "functional restoration" to her physical abilities, and of Drs. Render and Lesesne, non-examining state agency physicians, support the ALJ's decision that Plaintiff is not disabled, is capable of performing sedentary work, and in fact, is subject to improvement. (Tr. 29-32). Accordingly, the ALJ was not required to discuss additional medical evidence from other doctors who treated Plaintiff's pain management, for the evidence would have not aided in the determination of Plaintiff's RFC. (*See* Doc. 13 (citing 20 C.F.R. § 404.1513; James v. Astrue, No. CV508-017, 2009 WL 2496507 (S.D. Ga. Aug. 14, 2009); Caldwell v. Barhart, 261 F. App'x 188, 190 (11th Cir. 2008))).

Moreover, while Plaintiff "bears the burden of proving that she is disabled" to the ALJ, Moncrief v. Astrue, 300 F. App'x 879, 880 (11th Cir. 2008) (citation omitted), Plaintiff has failed to do so here. Other than referencing her physical symptoms and her initial diagnoses of RSD, which other doctors have questioned; of IBS; and of bi-polar, borderline personality, and somatoform pain disorders, Plaintiff has not indicated in her Social Security appeal or elsewhere in the record how she is disabled, particularly in view of the evidence noting her abilities to perform daily life and work activities and control her symptoms with medication, as detailed by the ALJ. *See supra* Part II.a.ii. For all of the foregoing reasons, the Court is not inclined to

disrupt the Recommendation's and thus, the ALJ's factual and legal findings as to Plaintiff's physical limitations.

### iii. *The ALJ erred in assessing Hagan's mental limitations.*

Lastly, Plaintiff finds erroneous Judge Langstaff's approval of the ALJ's reliance on the assessment of a state-agency non-examining consultant in lieu of the findings of Plaintiff's treating sources, whose notes—which documented continued mood swings, sadness, depression, and other symptoms—cannot be ignored under SSA administration regulations. (Doc. 14 at 5-6). She also labels as inappropriate post-hoc fact finding Judge Langstaff's findings with respect to the conflict between the opinions of Dr. Vandewalle—which the ALJ never acknowledged—Dr. Vandewalle's treatment notes, and Drs. Koontz's and Carter's medical assessments. (Doc. 14 at 6 (stating that fact finding in social security case is not within province of federal court)). Third, Plaintiff contends that Judge Langstaff ignores the findings of the Workers' Compensation medical evaluators with respect to the effect of Plaintiff's depression on her disability. (Doc. 14 at 6).

Pursuant to its findings in Part II.a.i-ii, which do not bear repeating here, and based on additional reasons provided below, the Court finds that the ALJ did not err in assessing Plaintiff's mental limitations. As the Recommendation notes, the ALJ was permitted to rely on the mental residual functional capacity assessment of Dr. Koontz, who, under SSA rules and regulations, is considered an expert whose opinions are entitled to great weight if supported by the evidence in the record. (*See* Doc. 13 at 7). The opinions of Dr. Carter and Dr. Koontz are also supportive of the ALJ's decision, as they marked Plaintiff's degree of mental limitation as "moderate" and "not significant[ ]." (Doc. 13 at 8 (citing Tr. 639-41, 690-93)). Furthermore, even though the ALJ did not find that Plaintiff suffered from a mental disability given the totality

of evidence on Plaintiff's medical condition, he still considered the opinion of Dr. Bari, who concluded that Plaintiff suffered from depression, in reaching this decision. (*See* Tr. 29). The ALJ also opined, based on the opinion of Dr. Anne Marie McKenzie-Brown, that lithium toxicity may have caused or compounded Plaintiff's psychological symptoms and thereby acknowledged the suggestion that Plaintiff's mental symptoms could be treated by monitoring her lithium intake. (Tr. 31-32, 34). For all of the foregoing reasons, Plaintiff's objections with respect to the ALJ's (i) failure to provide good cause for his exclusion of treating physicians' opinions from his decision and (ii-iii) erroneous assessment of Plaintiff's physical and mental limitations, *see supra* Part II.a.i-iii, are **OVERRULED.**

### b. Objection 2: ALJ's credibility assessment is not supported by the record

Similar to Objection 1, Plaintiff bases his second objection on the ALJ's failure to consider the entire case record, namely the psychological components of Plaintiff's disability as evidenced by several medical sources in the record. (Doc. 14 at 7-8). According to Plaintiff, the ALJ relied on objective medical evidence without considering factors that precipitate and aggravate symptoms; diagnoses; and statements from psychologists and physicians about Plaintiff's psychological symptoms. (*Id.* at 7).

Plaintiff is correct that "the ALJ [must] state specifically the weight accorded to each item of evidence and why he reached that decision." *See* Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981). However, because "the ALJ may implicitly make a determination," Kemp v. Astrue, 308 Fed. App'x 423, 426 (11th Cir. 2009) (citing Hutchison v. Bowen, 787 F.2d 1461, 1463 (11th Cir. 1986)), "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision," Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) (quoting Foote v. Chater, 67 F.3d 1553, 1561 (11th Cir. 1995)).

Here, the Court finds that the ALJ, as noted by the Magistrate Judge, reviewed and detailed a significant amount of evidence upon which he made his determination as to Plaintiff's mental capacity and overall limitations—for example, the opinions of Dr. Bari; Dr. McKenzie-Brown; and Drs. Frady and Carter, who opined that Plaintiff had only "*moderate*" difficulties in concentration, persistence, and pace or "*not significant*[ ]" mental limitations, respectively. (Tr. 28, 29 (emphases added)). As a result, the ALJ's decision to not address the opinions of other doctors and evidence highlighted by Plaintiff's Objection does not create the type of evidentiary gap that may cause "unfairness or clear prejudice" to Plaintiff, particularly in light of evidence of "unremarkable" and "normal" findings and test results throughout Plaintiff's medical history. There also exists, as noted by Judge Langstaff, a lack of credible testimony as to the cause and severity of Plaintiff's complaints surrounding her mental/psychological conditions—that is, absent from the record is a substantial amount of objective evidence to corroborate Plaintiff's subjective symptoms and complaints. (*See* Tr. 334-38, 596, 639-41, 704, 774-76). Rather, the majority of evidence supports findings that Plaintiff was subject to improvement in her mental impairments and as Dr. Frady found, was "correctly [mentally] oriented" so as to preclude a finding of disability by the ALJ.

In sum, Plaintiff's Objection 2, along with Objection 1, entreats the Court to reweigh the AJL's credibility determinations and use its judgment against that of the ALJ. (*See generally* Doc. 14 at 4-7). This, however, does not comport with the Court's deferential standard of review as required. The ALJ's decision that Plaintiff's mental functional capacity does not create a disability—as evidenced by the ALJ's discussion of the findings of Dr. Frady, Dr. Koontz, and Dr. Carter, among others (Tr. 28, 29, 31-32, 33-34)—are clearly articulated and supported by substantial evidence in the record (*see, e.g.*, Tr. 639-41, 690-707, 765, 768-69), and thus will not

be reversed or remanded by this Court. Therefore, Plaintiff's objection regarding the ALJ's alleged erroneous credibility determinations is **OVERRULED**.

For all of the foregoing reasons, the Court holds that none of the grounds raised by Plaintiff's Objection (Doc. 14) evidences the ALJ's commission of reversible error. Accordingly, the objections set forth in Plaintiff's Objection (Doc. 14) are **OVERRULED** and United States Magistrate Judge Langstaff's March 11, 2011 Report and Recommendation (Doc. 13) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Accordingly, the Social Security Commissioner's final decision is **AFFIRMED**.

## CONCLUSION

In consideration of the above discussion, the objections set forth in Plaintiff's Objection (Doc. 14) are **OVERRULED** and United States Magistrate Judge Langstaff's March 11, 2011 Report and Recommendation (Doc. 13) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Accordingly, the Social Security Commissioner's final decision is **AFFIRMED**.

**SO ORDERED**, this  31st  day of March 2011.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**